UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21993-MGC

MARVELI RAYO,

    Plaintiff,

v.

I.C. SYSTEM, INC., and MD NOW MEDICAL CENTERS, INC.,

    Defendants.
_____/

## **STATEMENT OF CLAIM**

Plaintiff Marveli Rayo ("Plaintiff"), by and through undersigned counsel, files this Statement of Claim, and in support thereof, states the following:

Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter." An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

Defendant I.C. System, Inc. ("Defendant-DC") is a Minnesota corporation, with its principal place of business located in St. Paul, Minnesota. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts. Defendant Accounts Receivable Resources, INC. ("Defendant-DC") is a business entity engaged in the business of soliciting and collecting consumer debts, and Olympia, LLP (the "Defendant-Creditor") is a provider of medical services. On or about August 27, 2018,

PAGE | **1** of **4**

Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Medical Services"). At the time Defendant-Creditor provided and/or rendered its respective Medical Services to Plaintiff, Plaintiff informed Defendant-Creditor that the injuries for which Plaintiff required medical services, were due to an accident and subsequent injuries that occurred within the course and scope of Plaintiff's employment. Defendant-Creditor charged a fee for the provision of its (Creditor's) respective Medical Services (the "Consumer Debt"), but instead of billing Plaintiff's employer and/or the appropriate insurance carrier, Creditor referred the collection of the Consumer Debt to Defendant-DC. Thereafter, Defendant-DC sent a collection letter, internally dated June 20, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. See D.E. 1-4

### COUNT I – VIOLATION OF THE FDCPA 1692e(2)(A)

The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: *"[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. 1692e(2)(A). (emphasis added). Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Defendant-Creditor, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff. By mailing the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, Defendant-DC falsely represented the character and amount of the Consumer Debt, and in so doing, violated § 1692e(2)(A) of the FDCPA.

### COUNT II – VIOLATION OF FLA. STAT. § 559.72(9)

Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not

PAGE | **2** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla Stat. § 559.72(9) (emphasis added). Here, Defendant-DC knew that the Consumer Debt was the result of an accident and injuries sustained by Plaintiff in the course and scope of Plaintiff's employment. Despite knowing that Defendant-Creditor did not have any entitlement or authority to collect the Consumer Debt from Plaintiff directly, Defendant-DC mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Thus, Defendant violated § 559.72(9) of the FCCPA by mailing the Collection Letter to Plaintiff.

### COUNT III – VIOLATION OF FLA. STAT. § 559.72(5)

As stated above, Defendant-Creditor knew that the services it (Defendant-Creditor) rendered to Plaintiff were for an injury and/or harm sustained by Plaintiff in the course and scope of Plaintiff's employment, as such information as relayed to Defendant-Creditor at the time Defendant-Creditor provided and/or rendered its (Defendant-Creditor's) respective Medical Services to Plaintiff. Despite knowing that it (Defendant-Creditor) did not have any statutory right or contractual authority to collect the Consumer Debt from Plaintiff, Defendant-Creditor, nevertheless, referred the collection of the Consumer Debt to Defendant-DC. In so doing, Defendant-Creditor disclosed to Defendant-DC false information about Plaintiff and/or information that Defendant-DC had no legitimate business need for. Thus, in light of the above, Defendant-Creditor violated § 559.72(5) of the FCCPA by referring the collection of the Consumer Debt to Defendant-DC for collection.

DATED: July 24, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

The Law Offices of Jibrael S. Hindi<br>
110 SE 6th Street, Suite 1744<br>
Fort Lauderdale, Florida 33301<br>
Phone:    954-907-1136<br>
Fax:    855-529-9540

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 24, 2020, the forgoing was served on the below Defendants in the manner stated therein:

**Joseph Charles Proulx, Esq.**
Golden Scaz Gagain
201 North Armenia Avenue
Tampa, FL 33609
813-251-5500
Email: jproulx@gsgfirm.com
*Counsel for I.C. System, Inc.*
**Served** *via* **E-mail**

**Randy Mark Goldberg, Esq.**
1101 SW 71st Avenue
Plantation, FL 33317
United Sta
754-224-0867
Fax: 954-5076741
Email: rmgesq@comcast.net
*Counsel for MD Now Medical Centers, Inc.*
**Served** *via* **E-mail**

  /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

PAGE | **4** of **4**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com