IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21993

**MARVELI RAYO,**

    **Plaintiff,**

v.

**I.C. SYSTEM, INC. and
MD NOW MEDICAL CENTERS, INC.,**

    **Defendants.**
_____/

**Defendant I.C. System, Inc.'s Response to Plaintiff's Statement of Claim**

COMES NOW, Defendant I.C. SYSTEM, INC. ("Defendant" and/or "ICS"), by and through its undersigned counsel, in accordance with the Court's Order of Referral and Order Regarding Court Practices and Procedures (DE 19) files its Response to Plaintiff's Statement of Claim (DE 21) served on ICS on July 24, 2020 and states the following:

1. Rayo alleges I.C. System, Inc. violated the FDCPA and the FCCPA for sending her a collection letter to collect a debt owed to MD NOW MEDICAL CENTERS, INC. ("MD Now").[1] Specifically, Rayo alleges the MD Now account ICS sought to collect was for medical treatment she received related to injuries she sustained from a work-related accident and should have been billed to her Worker's Compensation carrier or her employer; but not to Rayo.[2] ICS denies these allegations in their entirety and maintains that its letters to Rayo did not violate the FDCPA or the FCCPA.

---

[1] *See*, DE 1, generally (In Count III, Rayo also alleged Co-Defendant MD Now violated § 559.72(5) of the FCCPA.)

[2] *Ibid*.

2. On or about June 17, 2019, MD Now referred a delinquent account to ICS for collection.[3] At the time of referral, MD Now transmitted certain information relating to the Rayo's Account to ICS including, *inter alia*, the debtor's name "Marveli Rayo," Rayo's contact information, and identified a balance of $122.50 (consisting of $100.00 in principal and a $22.50 collection charge) on Rayo's Account as validly due and owing.[4] As part of its collection attempts, on June 20, 2019, ICS sent its initial collection letter to Rayo seeking to collect the "Balance Due: $122.50."[5] Also as part of its collection attempts, on August 4, 2019, ICS sent a second collection letter to Rayo seeking to collect the "Balance Due: $122.50."[6]

3. On or about October 28, 2019, ICS received a letter from Rayo's counsel disputing Rayo's Account ("Rayo's Dispute Letter").[7] Rayo's Dispute Letter was the first communication of any kind ICS received from Rayo and/or Rayo's counsel related to Rayo's Account.[8] After receipt of Rayo's Dispute Letter, ICS has made no further attempt to collect Rayo's Account.[9]

4. The law is clear that § 559.72(9) of the FCCPA requires the plaintiff to show not just that a non-existent right was asserted but also that the defendant "possessed *actual*

---

[3] *See*, Declaration of ICS's Chief Compliance Officer / Corporate General Counsel Michelle K. Dove ("ICS Dec.") attached hereto as **EXHIBIT A** at ¶ 6.

[4] *See*, ICS Dec. at ¶ 7.

[5] *See*, DE 1-4; ICS Dec. at ¶ 8.

[6] *See*, ICS Dec. at ¶ 9.

[7] *See*, ICS Dec. at ¶ 10 (Rayo's Dispute Letter was dated October 21, 2019).

[8] *See*, ICS Dec. at ¶ 11.

[9] *See*, ICS Dec. at ¶ 12.

*knowledge* that the threatened means of enforcing the debt was unavailable."[10] Rayo's FCCPA claim fails as there is no evidence ICS had actual knowledge that the debt was the result of medical treatment provided to Rayo for injuries which "arose from [Rayo]'s work-related accident," that MD Now did not "have any entitlement or authority to collect the [delinquent financial obligation] from [Rayo]," or that the debt "was the responsibility of [Rayo]'s employer and/or the insurance carrier of [Rayo]'s employer."[11] In fact, after receipt of Rayo's Dispute Letter, MD Now sent correspondence to ICS dated October 30, 2019 re-confirming the delinquent balance on Rayo's Account was validly "due and outstanding."[12]

5.  MD Now still maintains it "provided services unrelated to the workers compensation injury to [Rayo], at her request, as she did not have a primary care physician and needed to address, seek treatment for, and obtain prescription medications for her non-work related health issues… [and] [t]he billing and collection attempts at issue in this action are related to the non-work related services, not the Workers Compensation case, as alleged."[13] MD Now has also provided documents supporting its position that the "billing and collection attempts at issue in this action are related to the medical services that [Rayo] requested and received – not the Workers Compensation case… [and Rayo] acknowledged her financial responsibility for this treatment."[14]

---

[10] *See*, *Medley v. Dish Network, LLC*, No. 18-13841, 2020 WL 2092594, at *5 (11th Cir. May 1, 2020) ("We agree with Medley that DISH attempted to collect debt it had no legal right to collect because the debt had been discharged in bankruptcy, and we agree that DISH directly contacted Medley after having received notice that she was represented by counsel. To hold a defendant liable, however, both statutes require a plaintiff to establish that the debt collector possessed actual knowledge.")

[11] *See*, ICS Dec. at ¶¶ 13-14.

[12] *See*, ICS Dec. at ¶ 15.

[13] *See*, DE 16 at pp. 1-2; ICS Dec. at ¶ 16.

[14] *See*, DE 24 at ¶¶ 3-4.

Respectfully submitted by:

/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
dgolden@gsgfirm.com
*Counsel for Defendant I. C. System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
jproulx@gsgfirm.com
dgolden@gsgfirm.com
*Counsel for Defendant I. C. System, Inc.*